UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CARREA, JR., ) | Civil No. 10cv00928 WQH(RBB) |
| ) | |
| Petitioner, ) | ORDER ENLARGING TIME |
| ) | |
| v. ) | |
| ) | |
| MATTHEW CATE, Secretary, ) | |
| California Department of ) | |
| Corrections and Rehabilitation,) | |
| ) | |
| Respondent. ) | |

On May 10, 2010, this Court filed a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies [doc. no. 4]. Petitioner was permitted to file any opposition by June 14, 2010. To date, nothing has been filed. This Court will grant Carrea an extension.

To avoid the Court dismissing the Petition on its own accord, Carrea may choose one of the following options:

1. First Option: Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claim the Court has determined is likely unexhausted. If Petitioner chooses this

option, his papers are due no later than September 2, 2010. Respondent may file a reply by September 16, 2010.

    2.   Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claim.  Petitioner may then file a new federal petition containing only exhausted claims.  See Rose v. Lundy, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").  If Petitioner chooses this second option, he must file a pleading with this Court no later than September 2, 2010. Respondent may file a reply by September 16, 2010.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies.  Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1]  The statute of

---

[1] 28 U.S.C. § 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively application to cases on collateral review; or
    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court and, therefore, does not toll the statute of limitations), <u>as amended</u> 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. <u>Duncan</u>, 533 U.S. at 181-82.

    3.   Third Option:  Formally Abandon Unexhausted Claim

Petitioner may formally abandon his unexhausted claim and proceed with his exhausted ones. <u>See</u> <u>Rose</u>, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than September 2, 2010. Respondent may file a reply by September 16, 2010.

Petitioner is cautioned that once he abandons his unexhausted claim, he may lose the ability to ever raise it in federal court.

---

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See <u>Slack v. McDaniel</u>, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); <u>see also</u> § 2244(a)-(b).[2]

    4.   Fourth Option:  File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim. There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure, he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure, he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to that claim, and that good cause exists for his failure to timely exhaust his state court remedies. <u>Rhines v. Webber</u>, 544 U.S. 269, 277-78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim, ask

---

[2] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
    (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim after exhaustion is complete. <u>King v. Ryan</u>, 564 F.3d 1133, 1141-42 (9th Cir. 2009). Although under this procedure, Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim must be either timely under the statute of limitations or "relate back" to the claim in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claim(s). <u>Id.</u> at 1142-43, quoting <u>Mayle v. Felix</u>, 545 U.S. 644, 659 (2005).

If Petitioner chooses this fourth option, he must file a pleading with this Court no later than September 2, 2010. Respondent may file a reply by September 16, 2010.

3. CONCLUSION

The Court NOTIFIES PETITIONER THAT HE HAS FILED A PETITION THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS, AND IT IS THEREFORE SUBJECT TO DISMISSAL. If Petitioner fails to respond to this Order, the Court will recommend to the District Judge assigned

1  to this case that the Petition be dismissed without prejudice.[3]
2  See Rose, 455 U.S. at 522.
3       IT IS SO ORDERED.

5  DATED: August 2, 2010

   *Ruben Brooks* (signature)
   Ruben B. Brooks
   UNITED STATES MAGISTRATE JUDGE

---

[3] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1)-(2); see also footnote one of this Order.