# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CARREA, JR., <br> Petitioner, <br> vs. <br> MATTHEW CATE, Secretary, <br> Respondent. | CASE NO. 10cv0928 WQH (RBB) <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the Report and Recommendation issued by the Magistrate Judge recommending that the Petition for Writ of Habeas Corpus filed by Petitioner be denied. (ECF No. 24).

**BACKGROUND**

On April 28, 2010, Petitioner Christopher Carrea, Jr. filed a Petition for Writ of Habeas Corpus asserting seven grounds for relief stemming from his 2007 conviction and sentencing in San Diego Superior Court for inflicting corporal punishment on a cohabitant. (ECF No. 1). On February 11, 2011, Respondent filed an Answer. (ECF No. 15). On March 22, 2011, Petitioner filed a Traverse. (ECF No. 21).

On February 17, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be denied. (ECF No. 24). On March 12, 2012, the copy of the Report and Recommendation mailed by the Clerk of the Court to Petitioner's last known

address was returned as undeliverable.[1] (ECF No. 25).

To date, neither party has filed any objections to the Report and Recommendation.

## DISCUSSION

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1). Neither party objected to the Magistrate Judge's Report and Recommendation in this case. This Court has reviewed the Report and Recommendation and the record in its entirety.

The Magistrate Judge correctly found that "Petitioner has not established any constitutional violation under the theories challenging the statute [providing for his conviction] or its application." (ECF No. 24 at 12). The Magistrate Judge correctly found that Petitioner "has not identified any particular procedure or selection criterion that operates to systematically exclude African-Americans from the jury pool in San Diego County." *Id*. at 16-17. The Magistrate Judge correctly did not find "that the jury's verdict was substantially and injuriously affected by the purported error of excluding... cumulative witnesses" *Id*. at 20. The Magistrate Judge correctly found that Petitioner fails to provide authority "that the prosecution's reasonable attempts to obtain discovery information may violate a defendant's

---

[1] Local Rule 83.11 provides that "[i]f mail directed to a pro se plaintiff by the clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute." CivLR 83.11(b). Sixty days have passed since the Report and Recommendation was returned as undeliverable by the Post Office. Petitioner has failed to comply with Local Rule 83.11 requiring that a pro se party keep the court and opposing parties advised as to his current address.

fair-trial rights." *Id.* at 23. The Magistrate Judge correctly found that "[t]he state court's factual determinations on these issues [regarding pro per ancillary services, compulsory process, and access to legal authority] are objectively reasonable." *Id.* at 23-25. The Magistrate Judge correctly found that "imposition of the upper-term sentence [in Carrea's state court case] based on the prior-conviction exception to jury fact-finding comports with controlling United States Supreme Court authority and the facts of this case." *Id.* at 29. The Magistrate Judge correctly found that Petitioner failed to show prejudice from the denial of discovery from the police department. *Id.* at 29-30.

The Magistrate Judge correctly concluded that the Petition should be denied.

## Certificate of Appealability

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that jurists of reason could not find it debatable whether this Court was correct in denying the Petition. The Court denies a certificate of appealability.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 24) is adopted in its entirety. The Petition for Writ of Habeas Corpus is DENIED. The certificate of appealability is DENIED.

DATED: May 24, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge